**In the Matter of Pieter Scott BOOGAARD, Wanda Ann Boogaard, Debtors.**

**Bankruptcy No. 85–274.**

United States Bankruptcy Court, D. Delaware.

July 22, 1988.

Benjamin F. Shaw, III, Georgetown, Del., for debtors.

Lynn T. Kanaga, Wilmington, Del., Trustee.

H. Clay Davis, III, Georgetown, Del., for Diesel & Equipment Specialists, Inc.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The debtors have objected to the trustee's notice of intent to abandon as property of the estate a 1974 Peterbilt truck. Counsel for debtors and Diesel & Equipment Specialists, Inc., a creditor who supports the abandonment, chose to waive the scheduled hearing and submit their positions on memoranda. The trustee chose not to participate. Consequently, the court relies on the case record and the undisputed facts in the memoranda.

The notice indicated that the truck was of inconsequential value to the estate. The trustee listed two creditors, Diesel & Equipment Specialists, Inc. and Jack Boogaard, as holding liens totalling $27,470. The gist of debtors' objections is that Diesel & Equipment Specialists, Inc., having failed to note a lien on the title to the truck, is an unsecured creditor; therefore, the trustee has a cause of action against it for damages for conversion for the benefit of the estate, the debtors or Jack Boogaard. The issue presented is whether the trustee should be permitted to abandon the truck under 11 U.S.C. § 554(a). That section authorizes abandonment of property that is either burdensome to the estate or of inconsequential value and benefit to the estate.

Pieter Scott Boogaard and Wanda Ann Boogaard are Chapter 7 debtors having filed their petition on July 24, 1985. In

their schedules, they placed a value of $10,-000 on the truck noting that it was subject to the perfected lien of Jack Boogaard in an undisclosed amount. They listed as disputed the purported $20,000 secured claim of Diesel & Equipment Specialists, Inc. The debtors also claimed equity in the truck of $9,189 as part of their property exemption under Delaware law.

Diesel & Equipment Specialists, Inc.'s claim arose out of repairs made to the truck. Diesel and Equipment Specialists, Inc. and Pieter Scott Boogaard entered into a security agreement on March 21, 1983, which provided for the payment of $17,470 and interest over a 36–month period. Diesel & Equipment Specialists, Inc.'s security interest was not perfected by notation on the truck's certificate of title as required under Delaware law. On March 20, 1985, Diesel & Equipment Specialists, Inc. took possession of the truck under the terms of the security agreement. Diesel & Equipment Specialists, Inc. obtained an independent appraisal, which is not disputed, that the truck is worth $8,000.

On April 22, 1985, Pieter Scott Boogaard gave a $9,000 note to his father, Jack Boogaard, for a loan made to Pieter Scott Boogaard and Wanda Ann Boogaard in that amount by check dated November 4, 1982. This obligation was noted as a lien on the truck's certificate of title.

Under 11 U.S.C. § 541(a) an estate is created by the filing of a bankruptcy petition. That estate is comprised of all legal or equitable interests of the debtors in property as of the filing date. One of a trustee's duties is to collect and reduce to money property of the estate. 11 U.S.C. § 704(1). This duty is balanced by the trustee's ability to abandon certain property. 11 U.S.C. § 554(a).

On the bankruptcy filing date, Pieter Scott Boogaard held legal title to the truck subject to the perfected lien of his father. Jack Boogaard acquired this lien on a note given to him 2½ years after the loan was made and within one year preceding the bankruptcy filing. Since the transaction occurred beyond the 90–day period of presumed insolvency, the trustee would have to prove insolvency in order to avoid the lien as a preference under 11 U.S.C. § 547(b). If unable to prove insolvency, then the amount of Jack Boogaard's claim together with debtors' claimed property exemption, to which no objection was filed, would exceed the value of the truck. But, if we assume that the trustee would be successful in avoiding that lien for the benefit of the estate, he is faced with Diesel & Equipment Specialists, Inc.'s assertion that it has a perfected security interest by virtue of possession of the truck. Repossession took place 126 days before the bankruptcy filing under an agreement which described the truck as collateral and provided, as one of the remedies upon default, that the secured party could take immediate possession of the property, with or without legal process, sell it and apply the proceeds as provided by law to expenses and then toward the secured obligation.

While it is true Delaware law provides that a lien can be perfected against a motor vehicle only by noting its existence on the certificate of title, Delaware law also provides that possession of the collateral by a secured party perfects a security interest even though there had been no prior perfection because there had been no prior filing. 6 *Del.C.* § 9–305; Hawkland, *Lord & Lewis UCC Series* § 9–305:03 (1986); Anderson, *U.C.C.,* § 9–305:20 (3rd Ed.1985). This perfection does not relate back to the time the security interest was created under the agreement. It attaches at the time of repossession and continues so long as possession is retained. *Raleigh Industries of America, Inc. v. Tassone,* 74 Cal.App.3d 692, 141 Cal.Rptr. 641, 22 UCCRS 1235 (2d Dist.1977). The trustee would be unable to avoid this lien. Diesel & Equipment Specialists, Inc.'s lien attaching 126 days before the bankruptcy filing is not subject to attack by the trustee under 11 U.S.C. § 547(b).

Moreover, even if the trustee were successful in avoiding both liens, the truck, worth at most $10,000, would be subject to the debtors' claim of exempt property. No objection having been filed to the claimed exemption within the 30 days following the

date of the 341 meeting, the debtors would be entitled to $9,189.

Under all of the foregoing circumstances, the truck would be of inconsequential or no value to the estate. Thus, the trustee's abandonment is appropriate and the debtors' objections are dismissed.

An order in accordance with this Memorandum Opinion is attached.

### ORDER

AND NOW, July 22, 1988, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The trustee's notice of intent to abandon the 1974 Peterbilt truck is approved.
2. The debtors' objections to the proposed abandonment are dismissed.
3. The entry of this order constitutes the abandonment of the property by the trustee.